**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-1731**

———————————

TOMI BOONE FINKLE,

             Plaintiff - Appellant,

      v.

HOWARD COUNTY, a municipal corporation of the State of
Maryland,

             Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Stephanie A. Gallagher, Magistrate
Judge.  (1:13-cv-03236-SAG)

———————————

Submitted:  January 29, 2016            Decided:  March 8, 2016

———————————

Before WILKINSON and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Matthew August LeFande, ATTORNEY AT LAW PLLC, Arlington,
Virginia, for Appellant.  Gary W. Kuc, Cynthia G. Peltzman,
Lewis Taylor, HOWARD COUNTY OFFICE OF LAW, Ellicott City,
Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tomi Boone Finkle appeals from the magistrate judge's orders[1] granting a protective order under Fed. R. Civ. P. 26, and granting summary judgment to Howard County on her claims that the County discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2015), and the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606(a)(1)(i) (West 2014), when she was not selected for a position with the Howard County Police Department's Volunteer Mounted Patrol. We affirm.

Finkle first argues that the district court abused its discretion in granting the protective order. We review a discovery ruling for an abuse of discretion. Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 172 (4th Cir.), cert. denied, 135 S. Ct. 437 (2014). An abuse of discretion occurs when the district court's "decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." United States v. Garcia, 752 F.3d 382, 390 (4th Cir. 2014) (internal quotation marks omitted).

---

[1] The parties consented to full disposition of this case by a magistrate judge, to whom we refer as the district court.

We discern no abuse of discretion. Finkle's request was overbroad in that she sought subscriber information for four years' worth of social media, email, and cell phone and text messaging records for seven commanding officers within the Howard County Police Department. Moreover, Finkle's broad request was not limited to the information contained in those accounts relevant to her claims.

Next, Finkle argues that summary judgment for the County was inappropriate. We review de novo a district court's order granting summary judgment. Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). When reviewing an appeal from cross-motions for summary judgment, however, we separately review the merits of each motion, taking care to "resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion," to ascertain "whether either of the parties deserves judgment as a matter of law." Defs. of Wildlife v. N.C. Dep't of Transp., 762 F.3d 374, 392 (4th Cir. 2014) (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Jacobs, 780 F.3d at 565 n.1 (internal quotation marks omitted).

"Plaintiffs may prove . . . violations [of Title VII] either through direct and indirect evidence of retaliatory animus," referred to as the mixed-motive framework, "or through the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)."[2] Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 249 (4th Cir. 2015). "Direct evidence [of discriminatory animus] must be evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006) (internal quotation marks omitted).

Finkle contends that she offered direct evidence of discriminatory animus such that at least partial judgment in her favor was appropriate. We disagree. Finkle points to one email written by one of the hiring decisionmakers that reflects a potentially unfavorable attitude toward transgender persons.[3] However, this email was written about unrelated officer training approximately eight months prior to the hiring decision Finkle

---

[2] Maryland courts apply the Title VII frameworks to claims under the Fair Employment Practices Act. See Dobkin v. Univ. of Balt. Sch. of Law, 63 A.3d 692, 699-701 (Md. Ct. Spec. App. 2013).

[3] Howard County has not disputed that Finkle falls within a protected class for purposes of this appeal. We therefore need not decide whether transgender persons comprise a protected class under Title VII.

4

challenges. Isolated remarks unrelated to the challenged employment decision are insufficient to provide direct evidence of discrimination. Brinkley v. Harbour Recreation Club, 180 F.3d 598, 608 (4th Cir. 1999), overruled on other grounds by Desert Palace v. Costa, 539 U.S. 90 (2003).

Finkle further asserts that summary judgment was inappropriate under the McDonnell Douglas burden-shifting framework because the County's proffered justification for not selecting her — that she was a retired police officer — was in and of itself discriminatory. If a plaintiff establishes a prima facie case of discriminatory non-selection, "[t]he burden then shifts to the [employer] to show that its purportedly [discriminatory] action was in fact the result of a legitimate non-[discriminatory] reason." Foster, 787 F.3d at 250. Once this burden is met, the plaintiff must show that the proffered reasons are pretextual. Id.

We conclude that Finkle has failed to meet this burden. Although Finkle argues that refusing to select retired police officers is itself discriminatory and, thus, pretextual, a proposition we need not review, she does not address the County's additional reasons for not selecting her: that her response time was significantly longer than any of the applicants selected and that the decisionmakers believed she was overqualified for the position. Because these additional

5

reasons are nondiscriminatory, we conclude that the district court did not err in its grant of summary judgment to Howard County.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>